

IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| MICHAEL R. ROEHRS, | § | |
| | § | |
| Plaintiff, | § | |
| v. | § | Civil Action No. 3:05-CV-829-M |
| | § | |
| CONESYS, INC., RONALD E. SPIRE, | § | |
| J-TECH, INC., JOHN POLLOCK, and | § | |
| JULIE BARKER, | § | |
| | § | |
| Defendants. | § | |

## MEMORANDUM OPINION AND ORDER

Before the Court is Plaintiff's Motion for Clarification and/or Reconsideration, dated December 19, 2005. In light of the Court's Memorandum Opinion and Order (the "Opinion") dated December 12, 2005, and the Court's Order dated December 21, 2005, the Court **DISMISSES** Plaintiff's claims of tortious interference with prospective economic relationship, conspiracy to commit tortious interference with prospective economic relationship, and aiding and abetting tortious interference with prospective economic relationship, without prejudice. The Court **GRANTS LEAVE** for Plaintiff to amend his pleadings to properly allege these claims.

In its Opinion, the Court considered Plaintiff's claim for tortious interference with prospective economic relationship. The Court dismissed that claim because Plaintiff had not alleged that Defendants had prevented a business relationship from occurring. *See Roehrs v. Conesys, Inc.*, 3:05-CV-829-M, 2005 U.S. Dist. LEXIS 33295, at *19 (N.D. Tex. Dec. 14, 2005) (citing *Tex. Disposal Sys. Landfill, Inc. v. Waste Mgmt. Holdings, Inc.*, No. 03-03-00631-CV,

2005 Tex. App. LEXIS 4898, at *27-29 (Tex. App. – Austin, June 23, 2005, no pet. history)).[1]

Plaintiff's added briefing does not change the Court's conclusion. Because Plaintiff did not plead a business relationship that Defendants prevented from occurring, the Court **DISMISSES** Plaintiff's claim of interference with prospective economic relationship. Consequently, the Court **DISMISSES** Plaintiff's claims of (1) conspiracy to commit interference with prospective economic relationship and (2) aiding and abetting tortious interference with prospective economic relationship for the reasons stated in the Opinion. *See Roehrs*, 2005 U.S. Dist. LEXIS 33295, at *21-23.

Plaintiff seeks leave to amend his complaint. Plaintiff argues that he will state a claim for tortious interference with prospective economic relationship if he claims that (1) he was in a series of negotiations with several different investors, (2) he would have been able to close a deal with one or more of these investors, (3) Defendants' conduct prevented the formation of such relationships, and, as a result, (4) Plaintiff was required to execute an entirely separate contract with an entirely separate investor on much less favorable terms than the contracts he could have executed with the other investors. Defendants disagree, arguing that whether or not they interfered with several different investors, Plaintiff fails to state a claim for tortious interference with prospective economic relationship because he sought to consummate a single transaction – financing for his purchase of FSI stock – and was successful. Defendants cite *Texas Disposal* to support this assertion.

---

[1] Although Plaintiff characterizes *Texas Disposal* as an "unpublished no petition history case", *see* Pl. Reply Br. at 5 n.1, the Court notes that the case is slated for publication in the Southwest Reporter. *See* Texas Judiciary Online - Third Court of Appeals Case Management *at* http://www.3rdcoa.courts.state.tx.us/opinions/opinion.asp?OpinionID=13837 (last visited Dec. 30, 2005).

In *Texas Disposal*, the plaintiff sought economic relationships with two specific entities – the cities of Austin and San Antonio. Despite Defendants' conduct, Plaintiff still entered into a contract with each of those cities. Plaintiff's proposed amendment does not follow this fact pattern. Plaintiff claims that he sought economic relationships with several entities, but due to Defendants' conduct, he was forced to contract with a wholly different entity, resulting in less favorable contractual terms.

Despite the factual differences, Defendants urge that the reasoning of *Texas Disposal* still applies to this case – Plaintiff secured his funding; therefore, he consummated his transaction, and hence cannot properly state a claim. The Court disagrees. The elements of the tort are: (1) a reasonable probability that the parties would have entered into a business relationship; (2) an independently tortious or unlawful act by the defendant that prevented the relationship from occurring; (3) the defendant having acted with a conscious desire to prevent the relationship from occurring or having known the interference was certain or substantially certain to occur as a result of defendant's conduct; and (4) the plaintiff having suffered actual harm or damages as a result of the defendant's interference. *See Roehrs*, 2005 U.S. Dist. LEXIS 33295, at *18 (citing *Tex. Disposal*, 2005 Tex. App. LEXIS 4898 at *27-28; *Ash v. Hack Branch Distrib. Co.*, 54 S.W.3d 401 (Tex. App. – Waco 2001, pet. denied)). The first element addresses the *relationship* the *parties* would have entered into, not a specific "transaction". In *Texas Disposal*, the court found that because the plaintiff ultimately entered into contracts with the cities it sought to contract with, the defendants did not prevent the relationship from occurring. In contrast, here, Plaintiff alleges that it did not ultimately enter into contracts with the parties it sought to contract with, and suffered resultant damage. Because the prospective economic relationships between

-3-

Plaintiff and those parties were frustrated, Plaintiff may properly state a claim, whether or not he ultimately obtained financing from other entities.[2] The reasoning in *Texas Disposal* does not compel a different conclusion. As a result, the Court **GRANTS LEAVE** for Plaintiff to amend his pleadings to properly state a claim of tortious interference with prospective economic relationship, conspiracy to commit tortious interference with prospective economic relationship, and aiding and abetting tortious interference with prospective economic relationship.[3] Plaintiff must file and serve any such amendment within fifteen days of the date of this Order.

Defendants notes an error in the Opinion with respect to the Court's dismissal of Plaintiff's claims of conspiracy and aiding and abetting. The Court agrees. The Court **STRIKES** the third full sentence of page fourteen of the Opinion, and replaces it with the following: "The Court **DISMISSES** without prejudice Plaintiff's claims of civil conspiracy and aiding and abetting that allege tortious interference with contract and/or business relationship based on acts of interference that occurred after April 26, 2003, as underlying torts."

---

[2] While the ultimate securing of financing does not affect the applicability of the tort, such evidence may be considered when computing damages.

[3] Defendants further argue that the Court should deny Plaintiff leave to amend his complaint for lack of an independently tortious or unlawful act. However, a cause of action should be dismissed under Rule 12(b)(6) only if there is no possible set of facts upon which a plaintiff could prevail on that cause of action. *See United States ex rel. Bain v. Ga. Gulf Corp.*, 386 F.3d 648, 653 (5th Cir. 2004). Defendants have not proved, as a matter of law, that there is no possible set of facts upon which Plaintiff could prove an independently tortious or unlawful act, which is necessary to defeat this claim.

Defendants request that the Court limit Plaintiff's amendment to independently tortious or unlawful acts that occurred after April 26, 2003. However, Plaintiff's Complaint only alleges conduct between August 2003 and December 2003, and Defendants did not urge limitations in relation to this claim in either of their original Motions to Dismiss. Therefore, the Court has not considered such a limitation, and declines to do so in the context of a Motion for Clarification and/or Reconsideration.

**SO ORDERED.**

January **18**, 2006.

_____
BARBARA M.G. LYNN
UNITED STATES DISTRICT JUDGE
NORTHERN DISTRICT OF TEXAS