IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| MICHAEL R. ROEHRS, | § | |
| | § | |
| Plaintiff, | § | |
| v. | § | Civil Action No. 3:05-CV-829-M |
| | § | |
| CONESYS, INC., RONALD E. SPIRE, and J-TECH, INC., | § § § | |
| | § | |
| Defendants. | § | |

## MEMORANDUM OPINION AND ORDER

Before the Court is Defendants' Motion for Leave to Designate Responsible Third Parties, filed May 23, 2006. The Court **GRANTS** the Motion.

Plaintiff sues Defendants for tortious interference with contract and/or business relationship, and tortious interference with prospective economic relationship. These claims sound in tort. *See B. Cantrell Oil Co. v. Hino Gas Sales, Inc.*, 756 S.W.2d 781, 784 (Tex. App. – Corpus Christi 1988, no writ) ("the action for tortious interference with a contractual relationship sounds in tort"), *overruled on other grounds by DeSantis v. Wackenhut*, 793 S.W.2d 670, 682-83 (Tex. 1990); *Hill v. Heritage Res., Inc.*, 964 S.W.2d 89, 109 (Tex. App. – El Paso 1997, pet. denied). Defendants move for leave to designate Daniel Roerhs, Ardella Simacek, Tom Hazelton, Mike Flower, Kieran McGrath and Rick Hobbs as responsible third parties for each of these claims.

Texas law provides that, for the purposes of indemnity and/or contribution, "responsible third parties are now *designated*, not joined. Further, responsible third parties [may include] one who could not be liable to plaintiff, whose identity is unknown, or who is not even subject to the

court's jurisdiction". *Bueno v. Cott Beverages, Inc.*, Civ. SA04-CA24XR, 2005 WL 647026, at *2 (W.D. Tex. Feb. 8, 2005) (emphasis in original); *accord Werner v. KPMG LLP*, 415 F. Supp. 2d 688, 703 (S.D. Tex. 2006). Section 33.004 of the Texas Civil Practice and Remedies Code governs the designation of responsible parties in tort actions:

> (a) A defendant may seek to designate a person as a responsible third party by filing a motion for leave to designate that person as a responsible third party. The motion must be filed on or before the 60th day before the trial date unless the court finds good cause to allow the motion to be filed at a later date.
>
> . . .
>
> (f) A court shall grant leave to designate the named person as a responsible third party unless another party files an objection to the motion for leave on or before the 15th day after the date the motion is served.

Tex. Civ. Prac. & Rem. Code § 33.004. This case is currently set for the three-week docket beginning May 21, 2007; thus, Defendants' motion is timely. Plaintiff did not respond to the motion.[1] Thus, under § 33.004(f), the Court **GRANTS** Defendants' Motion, and **GRANTS LEAVE** for Defendants to designate Daniel Roerhs, Ardella Simacek, Tom Hazelton, Mike Flower, Kieran McGrath and Rick Hobbs as responsible third parties.[2]

---

[1] The Court need not decide if Plaintiff need respond by the 15th day, as stated in § 33.004(f), or in accordance with Local Rule 7.1 ("A response and brief to an opposed motion must be filed within 20 days from the date the motion is filed."). Plaintiff failed to timely respond under either Local Rule 7.1 or § 33.004(f).

[2] This action effectively designates Roerhs, Simacek, Hazelton, Flower, McGrath and Hobbs as responsible third parties. *See* Tex. Civ. Prac. & Rem. Code § 33.004(h) ("By granting a motion for leave to designate a person as a responsible third party, the person named in the motion is designated as a responsible third party for the purposes of this chapter without further action by the court or any party.")

**SO ORDERED.**

July 6, 2006.

_____
BARBARA M.G. LYNN
UNITED STATES DISTRICT JUDGE
NORTHERN DISTRICT OF TEXAS