IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| MICHAEL R. ROEHRS, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | Civil Action No. 3:05-CV-829-M (BH) |
| | § | |
| CONESYS, INC. et al., | § | |
| | § | |
| Defendants. | § | Referred Motion |

## FINDINGS, CONCLUSIONS, AND RECOMMENDATIONS

Pursuant to the District Court's *Order of Referral*, filed September 26, 2007, the following motions were referred to this Court for hearing, if necessary, and for issuance of findings of fact and recommendations to the District Court for disposition:

(1) *Plaintiff's Motion for Review of Bill of Costs, Objections to Defendant's Bill of Costs, and Brief in Support* ("Mot."), filed August 15, 2007;[1]

(2) *Defendants' Response to Plaintiff's Motion for Review of Bill of Costs and Objections to Defendant's Bill of Costs and Motion for Leave to File Supplemental Declaration* ("Resp."), filed September 4, 2007;[2] and

(3) *Plaintiff's Reply in Support of Motion for Review of Bill of Costs, Objections to Defendant's Bill of Costs, and Brief in Support* ("Reply"), filed September 19, 2007.[3]

---

[1] The Court notes that Plaintiff's motion lacks a certificate of conference and the table of contents and authorities required by the local rules. *See* L.R. 7.1 (b); L.R. 7.2(d).

[2] Plaintiff does not oppose the Supplemental Declaration of Paul M. Koning in Support of Defendants' Bill of Costs. (Resp. at 12). The supplemental declaration provides additional explanation for why Defendants believe certain costs were necessary, and consideration of it neither prejudices nor delays the resolution of the issues. Accordingly, Defendants' *Motion for Leave to File Supplemental Declaration* is **GRANTED**.

[3] Plaintiff submitted an appendix in support of his reply. The movant is not ordinarily permitted to introduce new evidence in support of a reply because such action would deprive the non-movant of a meaningful opportunity to respond. *Springs Indus., Inc. v. American Motorists Ins.*, 137 F.R.D. 238, 239-40 (N.D. Tex. 1991); *see also Racetrac Petroleum, Inc. v. J.J.'s Fast Stop, Inc.*, 2003 WL 251318, at *19 (N.D. Tex. Feb. 3, 2003) (a party may not file an appendix in support of a reply brief without first obtaining leave of court; because the purpose of a reply brief is to rebut the non-movant's response, not to introduce new evidence, such leave will be granted only in limited circumstances). Because Defendants did not have a meaningful opportunity to respond to the new evidence, the

Having reviewed the pertinent filings above and the law applicable to the issues raised, the Court finds that Plaintiff's *Motion for Review of Bill of Costs* should be **GRANTED**, in part.

## I. BACKGROUND

Defendants submitted a bill of costs in the amount of $24,452.68 as the prevailing party in this diversity action. (Docket #141) (hereinafter, "Bill of Costs"). Plaintiff objects to the recovery of costs for expedited delivery of depositions, photocopies, conversion of hard copies of documents into electronic format, and expedited private service of process. (Mot. at 3). After Plaintiff filed his objections, Defendants withdrew their request for certain costs and now seek $18,346.33.[4]

## II. ANALYSIS

### A. <u>Legal Standard</u>

A prevailing party in a civil action is entitled to recover its costs "unless the court otherwise directs." Fed. R. Civ. P. 54(d). Taxable costs include: (1) fees paid to the clerk and marshal; (2) fees paid to the court reporter or stenographer for all or part of the stenographic transcript necessarily obtained for use in the case; (3) witness fees and related expenses; (4) printing costs; (5) fees for exemplification and copies of papers necessarily obtained for use in the case; and (6) fees of court appointed experts, interpreters and special interpretation services. 28 U.S.C. §§1821, 1920. A district court may decline to award statutory costs but may not award costs omitted from the statute. *Crawford Fitting Co. v. J.T. Gibbons, Inc.*, 482 U.S. 437, 441-42 (1987); *Coats v. Penrod Drilling Corp.*, 5 F.3d 877, 891 (5th Cir.1993). The party seeking recovery of its costs bears the

---

Court declines to consider the appendix submitted in support of the reply.

[4]Defendants withdrew their request for delivery charges of depositions ($132.85), a litigation support package ($60.00), and videotape recordings and videotape services for depositions ($3,470.50 and $2,443.00). (Resp. at 7-8). Defendants state that the delivery charges for depositions total $132.50, but the two invoices containing entries for shipping and handling show that the total is $132.85. *See* Resp. at 8; *cf.* Bill of Costs Ex. B at 20, 24.

burden of proving the amount and necessity of its costs. *See Holmes v. Cessna Aircraft Co.*, 11 F.3d 63, 64 (5th Cir.1994); *Fogleman v. ARAMCO*, 920 F.2d 278, 285-86 (5th Cir. 1991).

**B.     Depositions**

Plaintiff objects to Defendants' request to recover expedited delivery costs for three depositions in the amount of $2,546.41.[5] (Mot. at 5-6; *see* Bill of Costs Ex. B at 1, 7, 8).

To recover expedited delivery costs, the Fifth Circuit requires a showing of either prior court approval or necessity. *Fogleman*, 920 F.2d at 286; *Auto Wax Co., Inc. v. Mark V Prods., Inc.*, 2002 WL 265091, at *5 (N.D. Tex. Feb. 22, 2002) (Lynn, J.) (requiring an explanation for why deposition transcripts were ordered on an expedited basis). In the instant case, the District Court did not give prior approval for expedited delivery.

Defendants contend that expedited delivery was necessary because Plaintiff noticed the depositions for Mr. Hazelton, Mr. McGrath, and Mr. Roehrs less than two weeks before the dispositive motion deadline of February 15, 2007. (Resp. at 6-7). Although Defendants filed a motion to quash these three subpoenas on December 18, 2006, (Docket #71), which this Court denied, the motion to limit the scope of the depositions was granted, (Docket #84). Because of the timing of the depositions in relation to the dispositive motions deadline, and excerpts from two of the depositions were used as exhibits to the motion for summary judgment, Defendants have shown that expedited delivery was necessary. *Fogleman*, 920 F.2d at 286. Accordingly, Defendants may

---

[5]In his reply, Plaintiff stated that he withdrew his objections to "(1) Defendants' request for an additional copy of the transcript of the depositions of Daniel Roehrs and Craig Mullet and (2) the single copies of the transcripts of the depositions of the remaining witnesses." (Reply at 8). It is not clear from the wording of this statement whether Plaintiff also intended to withdraw his objections to the original deposition transcripts of Daniel Roehrs and Craig Mullet. *See id*; *see* Mot. at 4 (objecting to deposition costs of nine witnesses). Since the costs of the original deposition transcripts of Mr. Roehrs and Mr. Mullet are clearly recoverable under § 1920 and since Plaintiff does not object to recovery of the depositions of the remaining seven witnesses, the Court construes Plaintiff's statement as also withdrawing his objections to the single copies of the depositions of Mr. Roehrs and Mr. Mullet.

recover the $2,546.41 in costs for expedited delivery of depositions.

**C.      Photocopies**

Plaintiff next objects to Defendants' request for recovery of $707.40 for in-house copy charges. (Mot. at 7-8) (*see* Bill of Costs Ex. C). Defendants filed an itemized appendix for the recovery of copy costs for three sets of copies of each pleading filed in connection with this litigation. (Bill of Costs Ex. C). Defendants contend that the first set was for Defense counsels' case files, the second set was provided to the District Court in "bench books" at the summary judgment hearing, and the third set was forwarded to Defendants. (Resp. at 8-9).

Copies of documents "necessarily obtained for use in the case are included within taxable costs, provided that the prevailing party demonstrates that necessity." *Fogleman*, 920 F.2d at 286. While a prevailing party need not identify every photocopy made for use in the course of legal proceedings, it must show that the reproduction costs necessarily result from the litigation. *Id*. Copies obtained simply for the convenience of counsel are not "necessarily obtained for use in the case." *Id*. "Costs of reproducing relevant documents and exhibits for use in the case" are recoverable, but not "multiple copies of documents" or attorney correspondence. *Id*.; *Interstate Contracting Corp. v. City of Dallas*, 2002 WL 236676, at *5 (N.D. Tex. Jan. 31, 2002) (Boyle, Mag. J.).

In the instant case, Defendants' itemized appendix sufficiently demonstrates that each listed pleading was filed in connection with this litigation. Each listing, however, includes charges for three sets of copies, but the Court finds that only two sets were necessary. Defendants may recover the cost of the first set of copies used for their case files since reproduction costs of relevant documents are recoverable. *Fogleman*, 920 F.2d at 286. Defendants do not request recovery of multiple copies for their own use. Defendants also may recover the cost of the set of copies

provided to the District Judge, although not for the stated reason. Defendants contend that one set of copies was necessary for the "bench books" provided at the summary judgment hearing. The District Court does not require bench books from counsel and the bench books therefore were not necessary. The District Court does, however, require a copy of all dispositive motions, responses, replies, and appendices thereto and any document over 25 pages in length for civil cases designated for electronic case filing. *See* Judge Specific Requirement I.H. The cost of the set provided to the District Court is therefore recoverable. Finally, the set of copies forwarded to Defendants constitutes attorney correspondence and is not recoverable as a taxable cost. *Fogleman*, 920 F.2d at 286; *Interstate Contracting*, 2002 WL 236676, at *5. Defendants have therefore shown that only two sets of copies of their pleadings were "necessarily obtained for use in the case." *Fogleman*, 920 F.2d at 286. Accordingly, the $707.40 requested for in-house copy charges is reduced by $235.80, which is one-third of the total.

## D. <u>Conversion into Electronic Format</u>

Plaintiff also objects to Defendants' request for $5,066.47 incurred from electronic imaging of documents, scanning, optical character recognition ("OCR"), and labor and production of CDs.[6] (Mot. at 9; Reply at 6). Defendants contend that one hard copy set as well as digital versions of the documents were necessary to manage the massive quantity of documents in the case. (Resp. at 9).

Section 1920 does not list conversion of paper documents into electronic format as a taxable cost. *See* 28 U.S.C. §1920. The few cases from within this circuit that have addressed this issue declined to award costs for electronic conversion of documents. *Conoco, Inc. v. Energy & Envtl.*

---

[6]Plaintiff withdrew its objection to $1,588.72 incurred for "blowbacks" of documents. (Reply at 6). A "blowback" is a paper copy produced from an electronic document. *See SMS Demag AG v. Xtek, Inc.*, 2007 WL 1852503, at *7 (E.D. Ark. June 26, 2007); *Waste Servs. v. Waste Mgmt. Inc.*, 2007 WL 1174116, at *2 n.4 (M.D. Fla. Apr. 18, 2007).

*Intern., L.C.*, 2006 WL 734396, at *2 (S.D. Tex. Mar. 22, 2006) (prohibiting recovery for scanned images); *Harris Corp. v. Sanyo No. Am. Corp.*, 2002 WL 356755, at *3 (N.D. Tex. Mar. 4, 2002) (Kaplan, Mag. J.) (declining to award incidental costs for ASCII disks because searchable deposition testimony was used merely for the convenience of counsel). In the instant case, Defendants contend that digital versions of documents were necessary to manage the approximately 18,000 pages responsive to requests for production. (Resp. at 9; Suppl. Decl. at 5, ¶14). This assertion, however, demonstrates that digital versions were merely more convenient for counsel to search and examine, not that they were necessary. *Harris*, 2002 WL 356755, at *3.

Defendants cite to *BDT Products, Inc. v. Lexmark International, Inc.*, an out-of-circuit case, for the proposition that electronic conversion costs are recoverable under §1920. (Resp. at 9, n. 29) (citing 405 F.3d 415, 419-20 (6th Cir. 2005)). In *BDT Products*, the Sixth Circuit found that the district court did not abuse its discretion in accepting attorney declarations of the necessity of costs or in interpreting electronic conversion as "exemplification and copies of papers" within the meaning of §1920(4). 405 F.3d at 420. The Court declines to adopt this interpretation of §1920(4) since it conflicts with relevant case law from within this circuit. *See Conoco*, 2006 WL 734396, at *2; *Harris*, 2002 WL 356755, at *3. Moreover, as stated in the preceding paragraph, Defense counsel's declaration only established that digital versions of documents were more convenient that searching paper versions of the relevant documents.

Accordingly, Defendants have not shown that electronic conversion of paper documents was a necessary cost within the meaning of §1920, and they may not recover the $5,066.47 requested for these services.

E. **Expedited Private Service of Process**

Finally, Plaintiff objects to Defendants request for $357.50 incurred for the expedited private

services of process for Craig Mullet and Amphenol, Inc.. (Mot. at 9-10). Plaintiff contends that only $90 is recoverable. (Mot. App. at 1). Defendants assert that private service of process was necessary because the two witnesses were not parties to the case and insisted on formal subpoenas. (Resp. at 10; Suppl. Decl. at 5, ¶15).

"[A]bsent exceptional circumstances, private service costs are not recoverable.*" Interstate Contracting*, at *2 (citing *Cypress-Fairbanks Indep. Sch. Dist. v. Michael F.*, 118 F.3d 245, 257 (5th Cir. 1997)). In the instant case, there was nothing exceptional about the parties or the nature of the suit to warrant an award of private service costs. Defendants contend that the two witnesses in question were not parties to the case and insisted on formal subpoenas, but Defense counsel has not demonstrated that either Mr. Mullet or Amphenol, Inc. refused to accept service of the subpoenas, which is required for a showing of exceptional circumstances. *Interstate Contracting*, 2002 WL 236676, at *2; *Cypress-Fairbanks*, 118 F.3d at 257. Accordingly, Defendants may only recover $90 for serving Mr. Mullet and Amphenol, Inc.; $267.50 is therefore deducted from the amount requested.

**F.     Summary**

The deductions from Defendants' Bill of Costs are summarized as follows:

| Amount requested | $18,346.33 |
|---|---|
| Photocopies | -    235.80 |
| Conversion to electronic format | -  5,066.47 |
| Expedited private service of process | -    267.50 |
| TOTAL | $ 12,776.56 |

### III. RECOMMENDATION

For the reasons stated above, the Court recommends that *Plaintiff's Motion for Review of Bill*

*of Costs* be **GRANTED**, in part, and that Defendants recover $12,776.56 in taxable court costs.

**SO RECOMMENDED** on this 28th day of February, 2008.

```
                                        IRMA CARRILLO RAMIREZ
                                        UNITED STATES MAGISTRATE JUDGE
```

**INSTRUCTIONS FOR SERVICE AND**
**NOTICE OF RIGHT TO APPEAL/OBJECT**

Pursuant to Title 28, United States Code, Section 636(b)(1), any party who desires to object to these findings, conclusions and recommendation must file and serve written objections within ten (10) days after being served with a copy. A party filing objections must specifically identify those findings, conclusions or recommendation to which objections are being made. The District Court need not consider frivolous, conclusory or general objections. A party's failure to file such written objections to these proposed findings, conclusions and recommendation shall bar that party from a *de novo* determination by the District Court. *See Thomas v. Arn*, 474 U.S. 140, 150 (1985)*; Perales v. Casillas*, 950 F.2d 1066, 1070 (5th Cir. 1992). Additionally, any failure to file written objections to the proposed findings, conclusions and recommendation within ten (10) days after being served with a copy shall bar the aggrieved party from appealing the factual findings and legal conclusions of the Magistrate Judge that are accepted by the District Court, except upon grounds of plain error. *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1428–29 (5th Cir. 1996) (en banc).

```
                                        IRMA CARRILLO RAMIREZ
                                        UNITED STATES MAGISTRATE JUDGE
```